IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| SARA L. PETERSON,<br><br>   Plaintiff,<br>v.<br><br>DOLLAR TREE STORES, INC.,<br><br>   Defendant. | CIVIL ACTION NO. _____<br><br>Removed from Boone Circuit Court<br>Case No. 22-CI-00833 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendant, Dollar Tree Stores, Inc., ("Dollar Tree"), by undersigned counsel, files this Notice of Removal of this action from the Commonwealth of Kentucky, Boone Circuit Court, to the United States District Court for the Eastern District of Kentucky, Northern Division at Covington, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. In support of removal, Dollar Tree states as follows:

### NATURE OF THE CASE

1. On July 21, 2022, Plaintiff, Sara L. Peterson ("Plaintiff") filed a Complaint instituting an action entitled *Sara L. Peterson vs. Dollar Tree Stores, Inc.,* pending as Case No. 22-CI-00833 in the Commonwealth of Kentucky, Boone Circuit Court, (the "State Court Action"). Dollar Tree was served with the Summons and Complaint on July 26, 2022. Pursuant to 28 U.S.C. §1446(a), true and exact copies of all process, pleadings, and orders filed in the State Court Action are attached as *Exhibit A*.

2. This is a personal injury action wherein Plaintiff seeks compensatory damages based upon claims of negligence. (See Exhibit A, Complaint-First Cause of Action).

## BASIS FOR FEDERAL JURISDICTION

3. Dollar Tree removes this action pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, in that there is complete diversity of citizenship between Plaintiff and Dollar Tree and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### Diversity of Citizenship

4. According to the allegations in Plaintiff's Complaint, Plaintiff is, at the time of filing this Notice of Removal and was, at the commencement of the State Court Action, a citizen of Boone County, Kentucky. (See Exhibit 1, Complaint).

5. The sole named defendant, Dollar Tree Stores, Inc., is and was at all times relevant hereto, including at the time of filing this Notice of Removal and at the commencement of the State Court Action, a corporation incorporated under the laws of the State of Virginia, with its principal place of business in Chesapeake, Virginia.

6. For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), Dollar Tree is a citizen of Virginia; and Plaintiff is a citizen of Kentucky. Thus, removal of this action based upon diversity of citizenship is proper.

### Amount in Controversy

7. In her Complaint, Plaintiff seeks judgment against Dollar Tree for an amount in excess of the minimal jurisdictional limits of the State Court. In particular, Plaintiff seeks damages for temporary and permanent bodily injuries; past and future pain and suffering; past and future medical expenses; past and future lost wages; other economic losses; and loss of use and enjoyment of good health. (See Exhibit A, Complaint).

8. Prior to the filing of her Complaint, Plaintiff's counsel conveyed to Dollar Tree's third party administrator a settlement demand for $150,000.00. As a result of the alleged incident,

Plaintiff claims injuries to her right lower extremity and alleges that to date, she has been required to undergo diagnostic testing, including multiple MRI scanning; orthopedic evaluation and ongoing treatment; surgery; and physical therapy. In support of her settlement demand, Plaintiff has claimed medical expenses in excess of $32,000.00; as well as pain and suffering. (See Exhibit B-Affidavit of Counsel). "To estimate pain and suffering damages associated with medical injury, courts have endorsed use of a 5:1 multiplier" compared to medical bills. *Cf. Peichoto v. Speedway, LLC*, No. 5:19-CV-58-REW, 2019 U.S. Dist. LEXIS 203203, at *7 (E.D. Ky. Nov. 22, 2019). There is no doubt that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

"For purposes of determining whether a defendant has met its burden of proof in seeking removal based on diversity jurisdiction, a settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Osborne v. Pinsonneault*, 2007 WL 710131, (W.D. Ky. Mar. 2, 2007; see also *Conder v. Best Value Inc.*, 2008 WL 4601915 (W.D. Ky. Oct. 15, 2008). In the present matter, the Plaintiff's settlement demand of $150,000 is evidence that Plaintiff sought significantly more than $75,000 before removal. Such pre-litigation communication between the parties is further evidence that once filed, the case met the minimum threshold for federal diversity jurisdiction.

9. Based upon the allegations and representations set forth in Plaintiff's Complaint, and in consideration of the prelitigation demand and representations of injury and sought damages, the amount in controversy in this action meets the requirements for federal jurisdiction.

10. In accordance with the foregoing, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action between citizens of different states in

which the preponderance of evidence supports that the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

## TIMELINESS OF REMOVAL

11. This Notice of Removal is timely under 28 U.S.C. § 1146 in that it is filed within thirty (30) days of Dollar Tree having be served with Plaintiff's Complaint.

## VENUE

12. Pursuant to 28 U.S.C. § 1441(a), a civil action brought in a state court, over which the United States District Court has original jurisdiction, may be removed to that District Court embracing the place where such action is pending. Because the State Court Action was pending in the Commonwealth of Kentucky, Boone Circuit Court, this Court has removal jurisdiction under Local Rule 3.1(a)(1)(A).

## REMOVAL PAPERS

13. Pursuant to 28 U.S.C. 1446(d), written notice of this removal is being provided simultaneously to all parties and the Circuit Court of Boone County, Kentucky. (See Exhibit C).

14. By this Notice of Removal, Dollar Tree does not waive any defenses or objections it may have to this action and intends no admission of fact, law or liability. Dollar Tree reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Dollar Tree Stores, Inc. respectfully requests that this action be removed from the Greenup Circuit Court to the United States District Court for the Eastern District of Kentucky, Northern Division at Covington.

Dated: August 15, 2022

Respectfully Submitted,

/s/*Kimberly van der Heiden*
Kimberly van der Heiden
VAN DER HEIDEN LAW FIRM, PLLC
P.O. Box 55
Carlisle, Kentucky 40311
Telephone: (859) 429-2950
Fax:   (859) 534-3193
kim@vanderheidenlaw.com
*COUNSEL FOR DOLLAR TREE STORES, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed with the Clerk of the United States District Court for the Eastern District of Kentucky using the CM/ECF filing system and that a copy of this document has been served upon the parties hereto by mailing true and correct copies of same by regular U.S. mail, postage prepaid, and by email, on this 15th day of August, 2022, upon:

Andrew J. Trice
O'Connor, Acciani & Levy LPA
600 Vine Street, Ste. 1600
Cincinnati, OH 45202
ajt@oal-law.com
*COUNSEL FOR PLAINTIFF*

*/s/Kimberly van der Heiden*
KIMBERLY VAN DER HEIDEN